UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRIAN ZACHARY STERN HERZIG | ) | CASE NO. 14-33725(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| ROBERT BLEVINS | ) | AP No. 15-3038 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN ZACHARY STERN HERZIG | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion to Vacate Clerk's Entry of Default filed by Defendant/Debtor Brian Zachary Stern Herzig ("Defendant" or "Debtor"). The Court considered the Debtor's Motion, the Objection to Motion to Vacate filed by Plaintiff Robert Blevins ("Plaintiff") and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Debtor's Motion. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

## FACTS

On October 6, 2014, Debtor filed a Voluntary Chapter 7 Petition with this Court. He listed his address on the Petition as 11120 Rock Bend Way, Louisville, KY 40241.

On May 10, 2015, Plaintiff initiated this action with the filing of a complaint for nondischargeability against Debtor.

On May 11, 2015, the Clerk of the United States Bankruptcy Court for the Western District of Kentucky issued a summons to Plaintiff for service of process on the Debtor.

On May 11, 2015, Plaintiff, through counsel, filed a Certificate of Service indicating that the summons and complaint were served on Debtor by first class mail, postage prepaid, to Debtor at 11120 Rock Bend Way, Louisville, Kentucky 40241.

On June 17, 2015, Plaintiff filed an Affidavit and Request for Clerk's Entry of Default asserting that Debtor had been served with the summons and complaint and that no answer or responsive motion on behalf of Debtor had been received within the time limit provided in Fed. R. Bankr. P. 7012(a), and in accordance with Fed. R. Civ. P. 55(b)(1) that Debtor is not an infant or incompetent person.

On June 18, 2015, the Clerk of the United States Bankruptcy Court for the Western District of Kentucky entered a default against Debtor in accordance with Fed. R. Bankr. P. 7055.

On July 9, 2015, attorney W. Thomas Bunch, II, filed a Notice of Appearance on behalf of the Debtor. Attorney Bunch also, on the same date, filed a Motion to Vacate the Clerk's Entry of Default.

## **LEGAL ANALYSIS**

Debtor requests that this Court enter an Order vacating the Entry of Default entered by the Clerk of this Court on June 18, 2015. The Entry of Default was entered against the Debtor pursuant to Fed. R. Bankr. P. 7055, which allows the Clerk to enter a default when it is shown by affidavit or otherwise, that the party against whom a judgment for affirmative relief is sought has failed to plead

or otherwise defend the matter. Rule 7055(c) also provides that the Court may set aside an entry of default for good cause and set aside a default judgment under Rule 60(b).

Different standards apply for vacating an entry of default and setting aside a default judgment. When an entry of default is at issue, the standard of "good cause" applies. *Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). After entry of a default judgment, the court may set aside the judgment in accordance with Rule 60(b), which lists several grounds for relief from judgment. *Id.* In this case, Plaintiff requested the Clerk to issue an Entry of Default, which the Clerk issued on June 18, 2015.

Although the parties, in addressing the standards to set aside the Clerk's Entry of Default, argued the standards under Rule 60(b), this Court deems the issue to be whether the default entered by the Clerk may be vacated under the "good cause" standard. In *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983), the Court set forth three factors to be considered under Rule 55(c): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *Id.* at 845. While the three factors are similar under Rule 55(c) and 60(b), the weight accorded to each is lesser under Rule 55(c). *Shepard Claims*, 796 F.2d at 193.

The first issue is whether the Plaintiff will be prejudiced. Plaintiff contends that the fact that "the delay and possible future delay" in receiving repayment on the guaranty signed by Debtor constitutes prejudice. Plaintiff also complains of the added litigation expense. However, as the Court stated in *In re Burgner*, 218 B.R. 413, 417 (Bankr. E.D. Tenn. 1996), "A plaintiff will always prefer a default judgment to continuing litigation." Nevertheless, requiring the Plaintiff herein to continue litigating is not the type of prejudice relevant to deciding whether to vacate the Clerk's

Entry of Default. In filing suit, "a plaintiff must assume it will involve time and costs in obtaining a decision on the merits." *Id.*, citing *Heber v. United States*, 145 F. R. D. 576, 578 (D. Utah 1992). The Court does not find the delay caused by Debtor's failure to timely respond in this case constitutes prejudice.

Next, the Court considers whether the defendant has a meritorious defense. Very little showing on this element is required. In fact, only a hint of a suggestion of a good defense is needed. There need only be a reason for a decision on the merits. *Id.* The Court favors decisions on the merits and disfavors defaults. *In re Burgner*, 218 B.R. at 417. Counsel for Debtor contended at the hearing that Debtor believes he has a meritorious defense in this action and requests an opportunity to assert his defense to the claims alleged in the Complaint. While the precise nature of the meritorious defense has not yet been articulated due to the fact that no answer has been filed, Debtor has retained experienced bankruptcy counsel who has represented to this Court that such a defense is forthcoming. The Court believes Debtor has made a sufficient showing of a potential meritorious defense for the purpose of Rule 55(c).

The final factor to consider is whether defendant's culpable conduct led to the default. The Court need only consider whether the Defendant is deserving of equitable relief – not whether there has been "mistake, inadvertence, surprise or excusable neglect," as is considered under Rule 60(b). Here, the Court does not find culpable conduct on the part of the Defendant or Defendant's counsel. Debtor, although a disbarred attorney who should be attuned to time constraints at play when served with a complaint, was and is not, a litigator. Further, he did not unduly delay in meeting with capable bankruptcy counsel, who he believed were going to handle the case. Upon learning of the Entry of Default, that firm chose not to take the representation. Debtor obtained new counsel in a

reasonable amount of time, who immediately filed the Motion to Vacate the Clerk's Entry of Default. From the time of service of the complaint and summons until the Motion to Vacate was filed, less than two months had passed. The delay, in part, was caused by Defendant's move to a new address. Under the circumstances presented, the Court does not find that the culpability factor weighs against the Debtor.

The Court finds after considering the factors required for setting aside the Clerk's Entry of Default that Debtor has met his burden of establishing good cause to vacate the Clerk's Entry of Default in this case.

## **CONCLUSION**

For all of the above reasons, the Court will **GRANT** the Debtor's Motion to Vacate the Clerk's Entry of Default. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRIAN ZACHARY STERN HERZIG | ) | CASE NO. 14-33725(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| ROBERT BLEVINS | ) | AP No. 15-3038 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN ZACHARY STERN HERZIG | ) | |
| | ) | |
| Defendant(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of Defendant/Debtor Brian Zachary Stern Herzig to Vacate the Clerk's Entry of Default, be and hereby is, **GRANTED** and the Clerk's Entry of Default is hereby **VACATED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Brian Zachary Stern Herzig has thirty (30) days from the date of this Order to file an Answer or otherwise plead in response to the Complaint of the Plaintiff filed against him herein.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: October 26, 2015